IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN WRIGHT #1949550 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv280 |
| TDCJ-CID DIRECTOR, et al. | § | |

<u>REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Justin Wright, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights action complaining about being stabbed by a fellow inmate. (Dkt. #1.) The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

Plaintiff has filed an untitled document seeking to preliminarily enjoin prison authorities from blocking an interview with the Houston Chronicle and blocking phone calls from a "potential attorney" with the NAACP. (Dkt. #31.) He says the attorney in question wants to "check on" him and make sure he and his family are "ok." (*Id.*) And he claims the Houston Chronicle "wanted to potentially air [his] case." (*Id.*) The Court construes the filing to be a motion for preliminary injunction. For the reasons expressed below, the undersigned recommends that the motion be denied.

**I. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will

not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury that is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd*, 435 F.2d 1307 (5th Cir. 1971). Irreparable injury means harm that cannot be adequately addressed by a monetary award. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) ("In order to meet this burden plaintiffs need to establish that at the time of the injunction it was under a substantial 'threat of harm which cannot be undone' through monetary remedies.")

Mere speculation or conclusory allegations of an irreparable injury are insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, No. 3:12–CV–04783, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

"[D]istrict courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint." *Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *report and*

*recommendation adopted*, No. 3:18-CV-2117-N (BH), 2019 WL 2249719 (N.D. Tex. May 24, 2019). Where a plaintiff "seeks injunctive relief unrelated to the claims in her lawsuit, jurisdiction is lacking." *Id.* Accordingly, "[w]ithout a relationship between the motion and [the plaintiff's] underlying allegations, the Court cannot grant [his] injunction." *Brown v. United States, Dep't of Veterans Affs.*, No. 3:20-CV-063-DPJ-FKB, 2021 WL 1842136, at *2 (S.D. Miss. May 7, 2021).

Plaintiff fails to satisfy this standard. First, regardless of his reasons for wanting to speak with the media or a potential attorney, any alleged deprivations of Plaintiff's constitutional rights in connection with the denial of those communications are totally independent from the underlying claims in this case about Plaintiff's stabbing. Moreover, there is no basis to assume that either of the remaining Defendants to this case has any involvement in the newly alleged deprivations or the authority to remedy them. This lack of relationship alone is reason to deny Plaintiff's motion.

Moreover, even if Plaintiff's claims about denied communications with the media and a potential attorney were properly before the Court, Plaintiff has not demonstrated any substantial likelihood of success on the merits of those claims. He alleges that "the administration blocked a [sic] interview" with a newspaper. (Dkt. #31 at 1.) But the Supreme Court held decades ago that, as long as there are "alternative channels of communication that are open to prison inmates," a prison's content-neutral prohibition on media interviews "falls within the 'appropriate rules and regulations' to which 'prisoners necessarily are subject,' and does not abridge any First Amendment freedoms retained by prison inmates." *Pell v. Procunier*, 417 U.S. 817, 827–28 (1974) (internal citation omitted). Accordingly, "so long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved, prison officials are accorded latitude in fashioning restrictions on time, place and manner of communications." *Stefanoff v. Hays Cnty., Tex.*, 154 F.3d 523, 527 (5th Cir. 1998) (citing *Pell*, 417 U.S. at 826); *see*

*also Taylor v. Sterrett*, 532 F.2d 462, 479–480 (5th Cir. 1976) (stating that "[a] press interview conducted in a prison with a specific inmate is an extraordinary mode of communication" and explaining that *Pell* "relied heavily on the availability of alternative means of communication, such as correspondence between prisoners and journalists, to demonstrate that this limitation on prisoner expression was of small consequence").

Plaintiff does not allege that he has been denied all communication with the media. He simply alleges that he has not been permitted to engage in a single interview. That fact would not support a claim for a constitutional violation, much less the extraordinary relief of a preliminary injunction.

Similarly, Plaintiff would not even state a claim for relief based on having two phone calls from a potential attorney "blocked." Plaintiff does not allege that he is totally prevented from any form of communication with this or any other attorney. Nor does he allege that the two blocked calls worked some injury to an otherwise viable lawsuit or appeal as required to state a claim for denial of access to court. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that a prisoner bringing an access-to-courts claim "must go one step further and demonstrate that the alleged [deprivation] hindered his efforts to pursue a legal claim"). In the absence of such actual injury to underlying litigation, two missed attorney calls do not support a claim for relief and cannot be the basis of a preliminary injunction.

In light of the lack of relationship between Plaintiff's motion and the claims in this case, and the clear lack of any chance of success on the merits of the claims in Plaintiff's motion, there is no need to address the remaining factors of the preliminary injunction analysis.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunctive relief (Dkt. #31) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 4th day of April, 2022.

*/s/ K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE